# WILSON *v.* ELLIS.

---

PATENTS; INTERFERENCE; PRIORITY; PATENTABILITY; APPEAL AND ERROR.

1. The combination, as described in counts in interference, of benzol and wax as elements of a paint and varnish remover, was not disclosed in a prior application of one who is otherwise the junior party, specifying two compositions, one containing wax but no benzol, and the other containing benzol but no wax, especially where the tenor of the specifications shows an intent not to use them together.

2. The question whether there is any patentable invention in adding benzol or wax respectively to a composition for a paint and varnish remover containing wax and no benzol, and one containing benzol and no wax, will not be considered on appeal to this court in an interference proceeding in which the question is one of priority, and not of patentability.

No. 917.    Patent Appeals.    Submitted November 10, 1914.    Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Merwin & Swenarton* for the appellants.

*Mr. Harry L. Duncan, Mr. Alexander S. Steuart,* and *Mr. John H. Hilliard* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to Carleton Ellis, appellee, as to the first three of the four counts. No appeal was taken by appellee as to the award of the fourth count to John M. Wilson and Henry A. Harris, appellants.

The invention is defined in the following counts, which form the basis of this appeal:

"1. A composition suited for removing paint or varnish, containing phenol, a body of waxy consistence, benzol, and acetone.

"2. A composition suited for removing paint or varnish, containing phenol, paraffin, benzol, and acetone.

"3. The substantially fluent finish remover consisting largely of benzol and acetone with incorporated waxy thickening material, and not more than a few per cent of phenol."

Two applications of appellants are involved in this interference, the earlier being filed March 4, 1907, and the later, a division thereof, being filed January 3, 1911. Appellee's application was filed between these two dates, May 29, 1907. No testimony was taken, the parties relying upon their respective filing dates.

The difference between the composition described in the counts of the issue and the composition disclosed in appellants' earlier application is well stated by the Examiner of Interferences as follows: "Referring to counts 1, 2, and 3, it will be seen that each of these includes benzol and wax, or a waxy thickening material. An examination of the early Wilson and Harris application shows that two different compositions are disclosed. The first of these is described as containing wax, but it does not include benzol, this ingredient being omitted in order to produce a mixture which is strong in solvent action and at the same time less volatile than those in which benzol is employed. The second mixture disclosed in the specification includes benzol, but it is positively described as containing no wax. The object in omitting the wax is stated to be to produce a thin remover and one in which no wax would be deposited in the pores of the wood. The application in question, therefore, fails to disclose the use of both benzol and wax in the same composition, and, in fact, the general tenor of the specification clearly shows that it was the idea of the inventors not to use these substances together." Hence, it is apparent that the composition called for in the issue is not disclosed in appellants' earlier application.

But it is contended by counsel for appellants that, in the light of the prior art, it does not constitute invention to add benzol or wax to the respective compositions disclosed in appellants' earlier application. If this contention were correct, counts 1, 2, and 3 would not be patentable over count 4, which does not specify wax. The officials of the Patent Office have held that such a patentable distinction exists, and the question before us is one of priority, and not of patentability.

The decision of the Commissioner of Patents is affirmed,

and the clerk is directed to certify these proceedings as by law required.                                          *Affirmed.*